**UNITED STATES of America ex rel. Louis DONALDSON, Petitioner,**

v.

**R. J. HENDERSON, Superintendent of Auburn Correctional Facility, Respondent.**

**No. 72 Civ. 1861.**

United States District Court, S. D. New York.

Aug. 17, 1972.

### MEMORANDUM

POLLACK, District Judge.

Petitioner seeks a writ of habeas corpus from this Court on grounds that he was not afforded "the statutory and mandatory examination prior to the entry of his guilty plea to homicide and imposition of sentence as prescribed by §§ 658, 659, 662–a" of the former Code of Criminal Procedure of the State of New York. Petitioner is a state prisoner who was convicted of manslaughter in the first degree by the Supreme Court, New York County (Martinis, J.), upon his plea of guilty on January 7, 1969, and was sentenced on February 20 of that year to an indeterminate term of twelve years.

According to petitioner, he was a professional boxer who received a severe beating in the ring, 22 days before the crime was committed, and over a year prior to the pleading and sentencing proceedings in question. In addition, he claims that his lack of education prevented him from fully understanding the proceedings in the Supreme Court.

*Prior Proceedings*

It is clear that petitioner has exhausted his state remedies. On April 30, 1970, the Appellate Division, First Department, affirmed the manslaughter conviction without opinion. According to petitioner, Judge Breitel denied leave to appeal to the New York Court of Appeals on May 15, 1970.

Shortly thereafter, petitioner commenced a *coram nobis* proceeding in the Supreme Court, New York County, claiming that the facts elicited at the time of his plea did not make out the crime of manslaughter. This application was denied by Justice Postel on November 19, 1970, and the Appellate Division, First Department affirmed this denial on October 14, 1971.

Petitioner also moved to vacate the judgment of conviction on the ground that he was not afforded a psychiatric examination by the trial court at the time of his plea and sentence. This application was denied by Justice Martinis on September 30, 1971, on the ground that petitioner did not appear to be in a state of imbecility or insanity at trial and did not appear to be incapable of making a defense. According to petitioner, Justice Kupferman denied leave to appeal to the Appellate Division on January 25, 1972.

This is the third time that petitioner has, in federal court, attacked the state court proceedings which led to his conviction. On February 26, 1971, this Court dismissed a petition claiming that the guilty plea was involuntary because it was induced by reliance on a sentence promise and that petitioner was denied effective assistance of counsel at a critical stage of the proceedings.

On October 28, 1971, in a civil rights action by petitioner against the Judge who presided over his trial and the Assistant District Attorney who handled his case, Judge Gurfein granted defendant's motion for summary judgment on the ground that the minutes of petitioner's plea and sentence did not support his claim that the Judge unfairly persuaded him to plead guilty by promising a maximum sentence of ten years, and then denying such commitment, and refusing to let him withdraw his plea.

*The Claim*

Petitioner proceeds on the premise that under New York law a defendant charged with first degree murder has an absolute right to a psychiatric examination to determine his competence to stand trial, that this rule extends to defendants charged with manslaughter, and that failure to accord him the benefit of this rule deprived him of his right to Equal Protection of the Law under the Fourteenth Amendment.

■■ Petitioner's view is mistaken. Under § 658, Code of Criminal Procedure, there was no such right to a hearing absent a showing of some facts indicating that a competency examination is warranted.[1] *See* People v. Esposito, 287 N.Y. 389, 39 N.E.2d 925 (1942). Neither does such a right, absent the same showing, exist under the United States Constitution. United States ex rel. Jiminez v. Zelker, 71 Civ. 3675 (S.D.N.Y. January 13, 1972); *cf.* Pate v. Robinson, 383 U.S. 375, 384, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

A review of the pleading and the sentencing minutes reveals no indication of possible incompetency nor do they re-

---

1. § 658. Court order for examination as to sanity of defendant. If at any time before final judgment *it shall appear to the court* having jurisdiction of the person of a defendant indicted for a felony or a misdemeanor that there is reasonable ground for believing that such defendant is in such state of idiocy, imbecility or insanity that he is incapable of understanding the charge, indictment or proceedings or of making his defense, or if the defendant makes a plea of insanity to the indictment, instead of proceeding with the trial, the court, upon its own motion, or that of the district attorney or the defendant, *may in its discretion* order such defendant to be examined to determine the question of his sanity. Added L.1939, c. 861, § 2, eff. Sept. 1, 1939. (Emphasis supplied)

motely suggest that petitioner might have been incapable of understanding the proceedings because of his asserted "very limited schooling background". To the contrary, the minutes indicate that petitioner fully participated in both proceedings in a sometimes subtle but always perceptive and articulate manner and that he was well aware of what was transpiring. Moreover, there was no request by petitioner or his attorneys to have his sanity investigated.

Pate v. Robinson, 383 U.S. 375, 86 S. Ct. 836, 15 L.Ed.2d 815 (1966), does not mandate a hearing if the evidence does not warrant one. United States ex rel. Roth v. Zelker, 455 F.2d 1105 (2d Cir. 1972). The *Pate* case, which holds that it is a denial of due process of law to convict a defendant where there is sufficient doubt of his competency unless a competency hearing is held, is markedly distinguishable. Here there existed no "reasonable ground" for believing petitioner incompetent. C.C.P. § 658.

The petition is dismissed.

So ordered.